**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANUEL SAINZ-OCHOA, )<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 08-20057-03-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion For Reconsideration Of Sentence (Doc. #143), which the Court construes as a motion to re-sentence defendant and a motion to vacate his sentence under 28 U.S.C. § 2255, filed February 22, 2011. For reasons stated below, the Court overrules defendant's motions.

**I.     Motion To Re-sentence Defendant**

Defendant asks the Court to reconsider his sentence in light of his physical ailments and his cultural and familial ties within the United States. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at

this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Civ. P. 35 (authorizes re-sentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to re-sentence defendant at this time.

## II. Section 2255 Motion

Defendant argues in part that his attorney should have informed the Court about his physical ailments and his cultural and familial ties to the United States. See Doc. #143 at 4. Liberally construed, defendant asserts under 28 U.S.C. § 2255 that counsel was ineffective because he did not raise these issues at sentencing.[1]

To establish ineffective assistance of counsel, defendant must show that (1) the performance

---

[1] The Tenth Circuit has cautioned district courts against re-characterizing a motion as a Section 2255 motion without the petitioner's consent because it could trigger a bar on a successive Section 2255 motion. See United States v. Apodaca, 90 Fed. Appx. 300, 303 (10th Cir. Jan. 30, 2004). In this case, however, the one-year deadline under Section 2255 expired on or about October 13, 2010. Because defendant cannot timely assert any other initial Section 2255 motion absent a specific statutory exception, he is not prejudiced if the Court construes his present motion under Section 2255.

Defendant's claims appear to be barred because in the plea agreement, he waived his right to file collateral challenges and his claims were not filed within the one-year period of limitations for Section 2255 claims. A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it). Because defendant's claims obviously lack merit, in the interests of judicial efficiency, the Court proceeds directly to the merits of his claims. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice).

-2-

of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Defendant argues that counsel should have informed the Court that he was undergoing dialysis and that after sentencing, he had his left leg amputated below the knee. See Doc. #143 at 2. Defense counsel raised similar health issues in his sentencing memorandum, see Sealed Sentencing Motion (Doc. #123) at 1 (noting circulatory problems, two amputations, renal failure and several strokes); id. at 2 (noting continued deterioration of health including hospitalization and dialysis three times per week), and in any event, the Court was aware of these issues. See Presentence Investigation Report (Doc. #120) ("PSIR") ¶ 67. Accordingly, defendant cannot show

that counsel's performance at sentencing in this regard was deficient or prejudicial.[2]

As to defendant's family ties and cultural assimilation, the Plea Agreement barred defendant from requesting a departure below the low end of the applicable Guideline range. See Plea Agreement ¶ 3, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #117). Because the Court sentenced defendant to the low end of the Guideline range, he cannot show that counsel's failure to seek a departure or variance based on family ties and cultural assimilation was deficient or prejudicial. Even if the Plea Agreement did not bar a request for a departure or variance, defendant has not shown that the Court likely would have granted such a request. Family ties and cultural assimilation can be considered by the court in determining whether to vary from the advisory guideline range under 18 U.S.C. § 3553(a)(1). See United States v. Galarza-Payan, 441 F.3d 885, 889-90 (10th Cir. 2006) (extensiveness of "family and cultural ties," however factor is characterized, still part of tailoring appropriate sentence). However, that a ground for a variance is available certainly does not mean it is compelled. United States v. Medina-Rodriguez, 348 Fed. Appx. 396, 400 (10th Cir. 2009); United States v. Sells, 541 F.3d 1227, 1238 (10th Cir. 2008). A defendant's family ties and cultural assimilation must be weighed against other Section 3553(a) factors such as (1) sentencing disparities among defendants with similar backgrounds and characteristics and (2) the need for the sentence to reflect the seriousness of the crime and promote respect for the law. Galarza-Payan, 441 F.3d at 889. "The district court has a wide range of discretion in striking a balance among the 18 U.S.C. § 3553(a) factors." United States v.

---

[2] To the extent that defendant argues that counsel should have asked the Court to reconsider the sentence in light of the subsequent amputation of his left leg, defendant does not explain any statutory basis for such a request or why the Court would not have summarily overruled such a request. See supra, Part I.

Gambino-Zavala, 539 F.3d 1221, 1232 (10th Cir. 2008). Absent an abuse of discretion, the Tenth Circuit defers to "the balance struck by a district court among the factors set out in § 3553(a)." Sells, 541 F.3d at 1239; see United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008).

At the time of sentencing, the Court was aware of defendant's family history and ties to the United States. See PSIR ¶¶ 64-65. The Court likely would have rejected a request for a departure or variance on this basis because defendant's family ties and cultural assimilation did not fall outside the heartland of cases.[3] See United States v. Torres-Leal, 365 Fed. Appx. 954, 957 (10th Cir. 2010); United States v. Herrera-Gonzalez, 304 Fed. Appx. 694, 695 (10th Cir. 2008). Under these facts, counsel's failure to specifically raise the issue of family ties and cultural assimilation was not deficient or prejudicial.

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not

---

[3] In particular, defendant spent the majority of his life in La Loma de Revo, Mexico. See PSIR (Doc. #120) ¶ 64. Although he often traveled to Phoenix, Arizona to visit family, he did not move to Phoenix until the age of 36 to be around family and to seek medical care. See id. Defendant lived in the United States less than two years before law enforcement officers arrested him on the charges in this case. In addition, the PSIR indicates that when released, defendant plans to return to his family ranch in Mexico and that he wants to return to Mexico to work. See id., ¶ 65.

required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration Of Sentence (Doc. #143), which the Court construes as a motion to re-sentence defendant and a motion to vacate his sentence under 28 U.S.C. § 2255, filed February 22, 2011, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's motion under 28 U.S.C. § 2255.

Dated this 1st day of March, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).